BENNET D. ZUROFSKY, ATTORNEY AT LAW
17 Academy Street – Suite 1201
Newark, New Jersey 07102
Phone: 973-642-0885
Fax: 973-642-0946
E-mail: bzurofsky@zurofskylaw.com
*Attorneys for Plaintiff*

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
Phone: 212-317-1200
Fax:     212-317-1620
E-mail: michael@faillacelaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------X
ALEXANDRA VO,

                      *Plaintiff*,              **COMPLAINT**

          -against-                   **ECF Case**

RUTGERS, THE STATE UNIVERSITY OF
NEW JERSEY, ACADEMY OF
INTERNATIONAL BUSINESS, PALGRAVE
MACMILLAN and JOHN CANTWELL,

                      *Defendants*.
---------------------------------------------------------X

      Plaintiff Alexandra Vo (hereinafter "Plaintiff Vo"), by and through her attorneys, Bennet D. Zurofsky, Attorney At Law and Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Defendants Rutgers, the State University of New Jersey, Academy of International Business, and Palgrave Macmillan ("Defendant Corporations"), and John Cantwell (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Vo is a former employee of Defendants Rutgers, State University of New Jersey, Academy of International Business, Palgrave Macmillan and John Cantwell.

2. Defendants owned, operated and controlled a journal at 1 Washington Place, Newark, NJ 07102 under the name "Journal of International Business Studies" (hereinafter, "JIBS").

3. Upon information and belief, Individual Defendant John Cantwell serves or served as an agent of JIBS, and upon information and belief, through the corporate entities operates or operated JIBS as a joint or unified enterprise.

4. Plaintiff Vo was employed to work as an editorial assistant for JIBS.

5. Plaintiff Vo typically worked for Defendants in excess of the 15 hours per week but was only paid for 15 hours per week.

6. Defendants failed to maintain accurate recordkeeping of her hours worked, and failed to pay Plaintiff Vo appropriately for the hours she worked, either at the straight rate of pay, or for any additional overtime premium.

7. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Vo to work in excess of the fifteen (15) hours per week she was paid for.

8. Plaintiff Vo now brings this action to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. §§ 34:11-56a, *et seq*, the New Jersey Wage Payment Law ("NJWPL"), §§ 34:11-4.1, *et seq*, and common law.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Vo's state law claims under 28 U.S.C. § 1367(a).

10. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New Jersey within this district, and Defendants operated a journal located in this district. Further, Plaintiff Vo was employed by Defendants in this district.

## THE PARTIES

*Plaintiff Vo*

11. Plaintiff Alexandra Vo ("Plaintiff Vo" or "Ms. Vo") is an adult individual residing in Essex County, New Jersey.

12. Plaintiff Vo was employed by Defendants from approximately December 1, 2013 until on or about December 31, 2016.

*Defendants*

13. Defendants owned, operated and controlled a journal at 1 Washington Park, Newark, New Jersey 07102 under the name "Journal of International Business Studies" at all times relevant to this complaint.

14. Upon information and belief, Defendant Rutgers, the State University of New Jersey ("Rutgers") is a specially chartered institution pursuant to N.J.S.A. 18A:65-1 *et seq.*, with its Business School located at the Rutgers Newark Campus at 1 Washington Park, Newark, New Jersey 07102. From approximately 2011 until approximately 2016, Rutgers hosted JIBS at its Business School.

15. Upon information and belief, Defendant Academy of International Business ("AIB") is a not for profit corporation duly existing under the laws of the State of Michigan with a business address at 645 N. Shaw Lane, Eppley Center, Room 7, East Lansing, MI 48824. JIBS is the official publication of AIB.

16. Upon information and belief, Defendant Palgrave Macmillan ("Palgrave") is a United Kingdom registered company with an address at One New York Plaza, New York, New York 10004. Palgrave provided services in connection with the operation of JIBS.

17. Defendant John Cantwell is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Cantwell is sued individually in his capacity as an agent of Defendant Corporations. Defendant John Cantwell controlled significant functions of Defendant Corporations. Defendant John Cantwell determined the wages and compensation of the employees of Defendants, including Plaintiff Vo, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

18. Defendants operated a journal at 1 Washington Park, Newark, New Jersey 07102 under the name Journal of International Business Studies ("JIBS").

19. JIBS is the official publication of AIB and is published by Palgrave.

20. JIBS operates out of the university and/or location of its presiding Editor-in-Chief, who is selected by AIB.

21. Upon information and belief, from approximately 2011 until approximately 2016, AIB selected Defendant John Cantwell, a tenured professor at Rutgers, to be the Editor-in-Chief

of JIBS. Accordingly, from approximately 2011 until approximately 2016, Rutgers hosted JIBS at its Business School.

22. Individual Defendant John Cantwell controlled significant functions of Defendant Corporations.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Defendants possessed substantial control over Plaintiff Vo's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Vo.

25. Therefore, for the above and other reasons, Defendants jointly employed Plaintiff Vo, and are Plaintiff Vo's employers within the meaning of 29 U.S.C. § 201 *et seq*, the NJWHL, and NJWPL.

26. In the alternative, Defendants constituted a single employer of Plaintiff Vo.

27. At all relevant times, Defendants were Plaintiff Vo's employers within the meaning of the FLSA, NJWHL, and NJWPL. Defendants had the power to hire and fire Plaintiff Vo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Vo's services.

28. In each year from 2013 to 2016, Defendants, both separately and jointly, had gross annual sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, JIBS is printed outside of the State of New Jersey and it has subscribers throughout the United States.

*Plaintiff Alexandra Vo*

30. Plaintiff Vo was employed by Defendants as an editorial assistant for JIBS from approximately December 2013 until on or about December 31, 2016.

31. Plaintiff Vo's work duties required neither discretion nor independent judgment.

32. In the performance of her work duties, Plaintiff Vo handled goods that traveled in interstate commerce every day, including using the internet.

33. Throughout her employment with Defendants, Plaintiff Vo worked in excess of the 15 hours per week that she was paid for.

34. From approximately December 2013 until on or about December 31, 2016, Plaintiff Vo was scheduled to work 15 hours per week, but the work assigned to her required her to work additional hours outside her scheduled shift times (she typically worked 17 to 52 hours per week).

35. For example, from June 16, 2014 until on or about June 22, 2014, Plaintiff Vo worked approximately 52 hours, from January 4, 2016 until on or about January 9, 2016, Plaintiff Vo worked 46 hours, and from June 20, 2016 until on or about June 26, 2016, Plaintiff Vo worked 48 hours.

36. Defendants told Plaintiff Vo that she needed to complete the work they assigned to her no matter how long it took to complete. This regularly required Plaintiff Vo to work beyond the 15 hours she was paid for.

37. Despite regularly working more than 15 hours per week, Defendants required Plaintiff Vo to submit that she only worked 15 hours per week.

38. From approximately December 2013 until on or about December 31, 2014, Defendants paid Plaintiff Vo $45.86 per hour.

39. From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Vo $47.23 per hour.

40. From approximately January 2016 until or about December 2016, Defendants paid Plaintiff Vo $48.65 per hour.

41. Defendants failed to pay Plaintiff Vo for hours spent working outside her regularly scheduled shift times, which resulted in Defendants failing to pay Plaintiff Vo minimum and overtimes wages for all hours worked.

42. Defendants did not provide Plaintiff Vo with any document or other statement that accurately accounted for Ms. Vo's actual hours worked, and set forth by day any deductions or credits taken against her wages.

*Defendants' General Employment Practices*

43. Defendants required Plaintiff Vo to work in excess of the fifteen (15) hours per that they paid her for.

44. Defendants' pay practices resulted in Plaintiff Vo not receiving payment for all of her hours worked.

45. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act by neglecting to maintain accurate and complete timesheets and payroll records.

46. Upon information and belief, this was done to disguise the actual number of hours Plaintiff Vo worked, and to avoid paying Plaintiff Vo properly for (1) her full hours worked, and (2) for overtime due.

47. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

**FIRST CAUSE OF ACTION**
**(Violation of the Overtime Provisions of the FLSA)**

48. Plaintiff Vo repeats and realleges all paragraphs above as though fully set forth herein.

49. At all times relevant to this action, Defendants were Plaintiff Vo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

50. Defendants had the power to hire and fire Plaintiff Vo, control her terms and conditions of employment, and determine the rate and method of any compensation in exchange for her employment.

51. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

52. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

53. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiff Vo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

54. Defendants' failure to pay Plaintiff Vo overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

55. Plaintiff Vo was damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Violation of the Minimum Wage Provisions of NJWHL)**

56. Plaintiff Vo repeats and realleges all paragraphs above as though fully set forth herein.

57. At all times relevant to this action, Defendants were Plaintiff Vo's employers within the meaning of New Jersey Wage and Hour Law, N.J.S.A., 34:11-56a(1).

58. Defendants, in violation of N.J.S.A. 34:11-56, paid Plaintiff less than the minimum wage.

59. As a result of Defendants' failure to pay, and decision to withhold wages earned and due to Plaintiff Vo for all work performed or labor or services rendered, at the regular hourly rate, Defendants have violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56, *et seq.*, and the regulations promulgated thereunder.

60. Plaintiff Vo was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Violation of the Overtime Wage Provisions of NJWHL)**

61. Plaintiff Vo repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff Vo's employers within the meaning of New Jersey Wage and Hour Law, N.J.S.A., 34:11-56a(1).

63. Defendants, in violation of N.J.S.A. 34:11-56, failed to pay Plaintiff Vo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

64. As a result of Defendants' failure to pay, and decision to withhold overtime wages earned and due to Plaintiff Vo at the applicable overtime rate for work over forty hours in a week, Defendants have violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56, *et seq.*, and the regulations promulgated thereunder.

65. Plaintiff Vo was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Violation of New Jersey Wage Payment Law)

66. Plaintiff Vo repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Vo's employers within the meaning of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1.

68. At all relevant times, Defendants employed employees, including Plaintiff Vo, within the meaning of NJWPL, N.J.S.A. 34:11-4.

69. Defendants withheld and diverted wages owed to Plaintiff Vo for work performed and for work performed in excess of forty hours per week.

70. As a result of Defendants' failure to pay and decision to withhold and divert wages earned and due to Plaintiff Vo for all work performed, Defendants have violated and continue to violate the NJWPL, N.J.S.A. 34:11-4.1, *et seq.*, and the regulations promulgated thereunder.

71. Plaintiff Vo was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Breach of Contract)

72. Plaintiff Vo repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants employed Plaintiff Vo to work as an editorial assistant for JIBS from approximately December 2013 until on or about December 31, 2016.

74. Defendants promised Plaintiff Vo that she would be paid per hour for the work that she did.

75. Defendants breached their contract with Plaintiff Vo by requiring or permitting her to work without pay for all work performed.

76. Plaintiff Vo suffered damages as a result of Defendants' breach of contract, by failing to pay Plaintiff Vo for all time worked.

77. Plaintiff Vo was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

78. Plaintiff Vo repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants received a benefit from Plaintiff Vo by requiring or permitting her to perform work without pay.

80. The retention of that benefit by Defendants without payment is inequitable and Defendants have been unjustly enriched thereby.

81. Defendants should be required to make restitution to Plaintiff Vo in the amount Defendants have benefited from her unpaid work.

82. Plaintiff Vo was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

83. Plaintiff Vo repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants are required to adhere to community standards of decency, fairness or reasonableness which are components of every contract.

85. Defendants acted with bad motive and intention to deprive Plaintiff Vo of her right to receive compensation from Defendants for her work.

86. Defendants' conduct was in breach of their covenant of good faith and fair dealing with Plaintiff Vo.

87. Plaintiff Vo was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vo respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vo;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Vo compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Vo;

(d) Awarding Plaintiff Vo damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA

as applicable;

(e) Awarding Plaintiff Vo liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage provisions of, and rules and orders, promulgated under the NJWHL as to Plaintiff Vo;

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under the NJWHL as to Plaintiff Vo;

(h) Declaring that Defendants violated the New Jersey Wage Payment Act ("WPL") as to Plaintiff Vo;

(i) Declaring that Defendants' violations of the New Jersey statutes were willful;

(j) Awarding Plaintiff Vo damages for the amount of unpaid wages and overtime wages, under the NJWHL and NJWPL;

(k) Awarding Plaintiff Vo compensation that was unjustly retained by Defendants;

(l) Awarding Plaintiff Vo compensatory damages.

(m) Awarding Plaintiff Vo liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the NJWHL and NJWPL;

(n) Awarding Plaintiff Vo pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Vo the expenses incurred in this action, including costs and attorneys' fees; and

(p) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 31, 2017

                        BENNET D. ZUROFSKY, ATTORNEY AT LAW

By:    /s/ Bennet D. Zurofsky

       Bennet D. Zurofsky
       17 Academy Street – Suite 1201
       Newark, New Jersey 07102
       Phone: 973-642-0885
       Fax:    973-642-0946
       E-mail: bzurofsky@zurofskylaw.com
       *Attorneys for Plaintiff*


       MICHAEL FAILLACE & ASSOCIATES, P.C.
       Michael A. Faillace, Esq.
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Phone: 212-317-1200
       Fax:    212-317-1620
       E-mail: michael@faillacelaw.com